IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AMARPREET SINGH,

          Plaintiff

vs.                                     Case No. 15-4872-SAC

UNITED STATES OF AMERICA;
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES ("USCIS"); U.S. CITIZENSHIP
AND IMMIGRATION SERVICES, KANSAS
CITY FIELD OFFICE; and MICHELLE E.
PERRY, FIELD OFFICE DIRECTOR,
KANSAS CITY FIELD OFFICE OF USCIS,

          Defendants.

MEMORANDUM AND ORDER

The case comes before the court on the defendants' (collectively referred to as "USCIS") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief. (Dk. 21). The plaintiff Amarpreet Singh ("Singh") filed his action pursuant to 8 U.S.C. § 1421(c) seeking *de novo* review of the denial of his naturalization application. The USCIS denied his application in a written opinion on March 21, 2014, on the ground that Singh had "been convicted of an aggravated felony on or after November 29, 1990," which made him "permanently ineligible for naturalization." (Dk. 22-3, p. 3; see Dk. 1, Petition, ¶ 11). Singh now seeks review arguing that his conviction is not an aggravated felony under 8 U.S.C. § 1101(a)(43)(N), as it does not relate to alien smuggling.

The defendants assert they are entitled to judgment as a matter of law based on the following statutes and admissions by the plaintiff. Under the Immigration and Nationality Act ("INA"), an applicant for naturalization must be "a person of good moral character." 8 U.S.C. § 1427(a). The INA provides that "[n]o person shall be regarded as, or found to be, a person of good moral character who . . . at any time has been convicted of an aggravated felony (as defined in subsection (a)(43))." 8 U.S.C. § 1101(f)(8). The INA's definition of "aggravated felony" at subsection (a)(43) includes:

> (N) an offense described in paragraph (1)(A) or (2) of section 274(a) [8 U.S.C. § 1324(a)(1)(A) or (2)] (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (an no other individual) to violate a provision of this act;

8 U.S.C. § 1101(a)(43)(N). In his petition, Singh admits his 2009 felony conviction of "the offense for concealing and harboring aliens for commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii)." (Dk. 1, ¶ 7). The USCIS concludes this admission establishes that Singh has an aggravated felony conviction as defined by statute and, therefore, he lacks the good moral character required for an applicant seeking naturalization. Singh latches onto the parenthetical phrase, "relating to alien smuggling," found in the aggravated felony definition of § 1101(a)(43)(N) and reads it as an necessary element for the definition. Thus, Singh seeks review arguing that his offense of conviction does not relate to alien smuggling for he was charged and convicted of

2

employing at his restaurant three individuals who were not authorized to work in the United States.

After reading, researching, and considering all the arguments and issues raised in the plaintiff's petition (Dk. 1), his memorandum of law in support of his petition (Dk. 3), and the parties' briefs submitted for this motion proceeding (Dks. 21, 22, 25 and 26), the court concludes its de novo review is controlled by a question of law, namely the construction of § 1101(a)(43)(N), and its decision is subject to Tenth Circuit precedent. The court can and will address the plaintiff's conclusions of law argued in all of his memoranda to the extent pertinent in the court's analysis. The plaintiff has conceded it is a "legal conclusion" whether his "conviction qualifies as an aggravated felony." (Dk. 25, p. 4). His factual allegations over the character of his felony conviction are not an issue in deciding the defendants' motion to dismiss. For the reasons discussed below, the court concludes that as a matter of law it cannot grant the relief requested in the plaintiff's petition.

**STANDARDS FOR A MOTION TO DISMISS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Cop. v. Twombley*, 550 U.S. 544, 570 (2007). The court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." *Smith v. United*

3

*States*, 561 F.3d 1090, 1098 (10th Cir.2009), cert. denied, 558 U.S. 1148 (2010). On a motion to dismiss, courts apply the general rule of considering only the contents of the complaint. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir.2010). Exceptions to this rule include the following: documents expressly incorporated by reference in the complaint; documents referenced in and central to the complaint, when no party disputes authenticity; and "'matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). The defendants have submitted copies of documents principally referenced in the plaintiff's petition, and there appears to be no dispute over their authenticity.

**PLEADED AND UNDISPUTED FACTS FOR RULING ON MOTION**

Amarpreet Singh ("Singh") is a native and citizen of India who entered the United States in October of 1997 under an entertainment visa and adjusted his status to lawful permanent resident in March of 2001. He is married to a naturalized United States citizen. He has two children who are both United States citizens by birth.

A judgment of conviction was entered against Singh on December 3, 2009, finding him guilty on three counts of concealing and harboring an alien for commercial advantage and private financial gain in violation of 8 U.S.C. § 1324(a)(1)(A)(iii). The superseding federal indictment alleged that Singh employed three individuals in his Topeka restaurant who

were not authorized to work in the United States. He was sentenced to a concurrent term of two years of imprisonment on these counts with two years of supervised release. He was released from prison in May of 2011.

Upon release, Singh was placed in removal proceedings where he filed an application for adjustment of status. The Board of Immigration Appeals granted the adjustment upon finding that his "crime did not relate to alien smuggling for inadmissibility purposes under INA section 212(a)(6)(E)." (Dk. 1, p. 5). The Board's decision reads in part:

> Section 212(a)(6)(E)(i) of the Act, 8 U.S.C. § 1182(a)(6)(E)(i), provides as follows: "Any alien who at any time *knowingly* has encouraged, induced, assisted, abetted, or aided any other alien *to enter or to try to enter* the United States in violation of law is inadmissible" (emphasis added).
> We agree with the respondent that his conviction under 8 U.S.C. § 1324(a)(1)(A)(iii) for attempting to conceal, harbor, and shield undocumented aliens does not necessarily and standing alone render him inadmissible under section 212(a)(6)(E)(i) of the Act.

(Dk. 22-6, p. 5).

On November 25, 2013, Singh applied for naturalization and appeared for his naturalization interview on February 20, 2014. The written decision dated March 21, 2014, denied his application and stated in part:

> To be eligible for naturalization, you must demonstrate that you are a person of good moral character. Because you have been convicted of an aggravated felony on or after November 29, 1990, you are permanently ineligible for naturalization. See INA 316(a)(3) and 101(f)(8) and Title 8, Code of Federal Regulations (8CFR), section 316.10(b)(1)(ii).

(Dk. 1, ¶ 11; Dk. 22-3, p. 3). Singh's request for a hearing was denied, and the denial decision was affirmed. (Dk. 1, ¶ 12).

5

**DISCUSSION**

As already summarized above, the INA requires an applicant for naturalization to have "good moral character" which is defined, in part, as not having an aggravated felony conviction for any of the listed criminal offenses which includes 8 U.S.C. § 1324(a)(1)(A). Because of Singh's 2009 felony conviction under § 1324(a)(1)(A), the USCIS found Singh permanently ineligible for naturalization. Singh now seeks judicial review.

Following the immigration hearing officer's denial of his application for naturalization, the applicant may seek judicial review in the United States District Court. 8 U.S.C. § 1421(c). "Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on application." *Id*. In seeking citizenship, the alien applicant has the burden "to show his eligibility for citizenship in every respect." *Berenyi v. District Director, Immigration and Naturalization Service*, 385 U.S. 630, 637 (1967). The applicable regulation places the burden of proof on the applicant "of establishing by a preponderance of the evidence that he or she meets all of the requirements for naturalization." 8 C.F.R. § 316.2(b).  The Supreme Court has said that in this context, "doubts should be resolved in favor of the United States and against the claimant." *Berenyi*, 385 U.S. at 637.

A ruling at this stage of the proceedings is proper because the parties dispute only the scope of the governing statute and the legal

consequences flowing from it. There is no dispute that Singh was convicted of an offense in violation 8 U.S.C. § 1324(a)(1)(A) which is a listed "aggravated felony" that prevents him from meeting his burden of proving "good moral character." The only dispute here is with this particular definition of "aggravated felony" at subsection (a)(43)(N):

> (N)  an offense described in paragraph (1)(A) or (2) of section 274(a) [8 U.S.C. § 1324(a)(1)(A) or (2)] (relating to alien smuggling), except in the case of a first offense for which the alien has affirmatively shown that the alien committed the offense for the purpose of assisting, abetting, or aiding only the alien's spouse, child, or parent (an no other individual) to violate a provision of this act;

8 U.S.C. § 1101(a)(43)(N).

Singh wants the court to read the phrase contained with the parentheses, "relating to alien smuggling," as to limit or "to exempt certain criminal offenses described in sections 274(a)(1)(A) or (2) from the aggravated felony definition." (Dk. 3, p. 4). Singh advocates reading the term, "smuggling" as involving secrecy and an illicit entry by an alien and concludes an offense is not "relating to alien smuggling" unless there is a "sufficient nexus to a surreptitious illegal entry or attempted entry." (Dk. 3, p. 5). Singh looks to other INA provisions in defining "smuggling," as § 274 offers no definition. Not only does he believe his reading of the parenthetical phrase to be plain, but Singh contends that without this reading the phrase "would be superfluous" as a reader can locate and apply the listing of offenses without additional references. *Id.* at 6. To give purpose, meaning and effect for Congress' inclusion of this phrase, Singh argues the court

should read it as restricting and not merely referencing the statutory offenses. Singh draws from the parenthetical phrase a manifesting of Congress' intent to only include some of the offenses in § 274(a)(1)(A) or (2) and to regard the statute as divisible in character .

More specifically, Singh argues the crime of harboring of which he was convicted lacks any distinct elements involving an alien's surreptitious entry. Singh observes that the offense described in 1324(a)(1)(A)(i) "directly involves alien smuggling," (Dk. 3, p. 15) and contrasts that with the divisible statute of which he was convicted:

> (iii) knowing or in reckless disregard of the fact that an lien has come to, entered, or remains in the United States in violation of law, conceals, harbors, or shields from detection, or attempts to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation.

8 U.S.C. § 1324(a)(1)(A)(iii). As Singh points out, this provision covers the crime of harboring an alien who lawfully entered the country but remains in violation of the law, and so he argues such an offense would not relate to alien smuggling. While Singh recognizes a harboring offense could occur in relation to alien smuggling, there was nothing in his conviction from which one could attribute smuggling to him "at any point." (Dk. 3, p. 12).

It is true that the defendants' motion to dismiss does not squarely refute all of the above points summarized from the plaintiff's original memorandum of law. The defendants, however, do present binding Tenth Circuit precedent which reject the plaintiff's reading of §

1101(a)(43)(N) and turn away his statutory interpretation arguments. "Tenth Circuit precedent is binding on this court." *Marie v. Moser*, 65 F. Supp. 3d 1175, 1203 (D. Kan. 2014), *appeal docketed,* No. 14-3246 (10th Cir. Nov. 5, 2014) (citing *United States v. Spedalieri*, 910 F.2d 707, 709 n. 2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits." (citations omitted)); *Phillips v. Moore*, 164 F. Supp. 2d 1245, 1258 (D. Kan. 2001).[1]

In *United States v. Salas-Mendoza*, 237 F.3d 1246 (10th Cir. 2001), the defendant argued an interpretation of § 1101(a)(43) quite similar to Singh's argument here:

> Defendant argues that a conviction for illegal transportation of aliens does not "relate to alien smuggling." Defendant contends that smuggling of aliens, by definition, requires the movement of aliens across the border between Mexico and the United States whereas transportation of aliens involves the movement of aliens solely within the United States. Defendant, however, cites no case law in support of this argument.

237 F.3d at 1247. Singh argues here that concealing or harboring an alien who is already in the United States is not an aggravated felony involving the alien smuggling or surreptitious illegal entry. (Dk. 3, p. 5). In response to

---

[1] Both the plaintiff's original memorandum of law in support of his petition and his response opposing dismissal cites fail to cite, discuss or distinguish these controlling Tenth Circuit decisions. Indeed, the court does not understand the plaintiff's filings to cite any federal court decisions directly supporting his proposed interpretation of § 1101(a)(43).

that argument the Tenth Circuit looked to persuasive precedent from the Fifth and Ninth Circuits[2]:

> In *United States v. Monjaras-Castaneda*, 190 F.3d 326, 331 (5th Cir. 1999), the Fifth Circuit considered this precise question and held that the parenthetical, "'(relating to alien smuggling)', found in § 1101(a)(43)(N) acts only to describe, not to limit the 'offenses described in paragraph (1)(A) or (2) of § 1324(a).'" A plain reading of the statute supports this conclusion. Transportation of aliens is clearly "related to" alien smuggling. Each enumerated offense in § 1324(a) involves the transportation, movement, and hiding of aliens whether crossing into or within the United States. In addition, Congress has broadened the scope of § 1324 since its inception indicating an intent to include the additional offense of transportation of aliens within the anti-smuggling laws. As the Ninth Circuit explained:
>> From its genesis as a statute prohibiting only the bringing in of aliens, § 1324(a)(1) now presents a single comprehensive "definition" of the federal crime of alien smuggling—one which tracks smuggling and related activities from their earliest manifestations (inducing illegal entry and bringing in aliens) to continued operation and presence within the United States (transporting and harboring or concealing aliens).
>
> *United States v. Sanchez-Vargas*, 878 F.2d 1163, 1169 (9th Cir.1989). The context in which the parenthetical is used also supports the conclusion that it is descriptive rather than limiting. *Monjaras-Castaneda*, 190 F.3d at 330. Section 1101(a)(43) contains a long list of aggravated felonies referenced by section number. Without any descriptions of what the section numbers refer to, determining whether an offense qualifies as an aggravated felony would be a laborious process. We agree with the Fifth Circuit that the parentheticals are "aids to identification" only. *Id*.

237 F.3d at 1247. Thus, the Tenth Circuit has interpreted § 1101(a)(43) and found that the parenthetical, "relating to alien smuggling," serves only as aid in describing and identifying the statute and does not otherwise the limit or exempt the offenses found in § 1324(a)(1)(A) or (2). This holding contradicts, defeats and supersedes all of Singh's arguments for reading §

---

[2] The plaintiff failed to cite and discuss these precedent too.

1101(a)(43) otherwise. As for inferring Congressional intent behind this parenthetical, the Tenth Circuit added in *Salas-Mendoza*:

> Finally, some of the parentheticals in § 1101(a)(43) are expressly limiting. For example, § 1101(a)(43)(F) specifies "a crime of violence (as defined in § 16 of Title 18, but not including a purely political offense) for which a term of imprisonment is at least one year." (emphasis added). Congress has demonstrated its ability to exclude some specific offenses from those listed in the more general sections, but in this case they chose not to do so. Id. Therefore, we cannot infer that § 1101(a)(43)(N) excludes the crime of illegally transporting aliens from the definition of an aggravated felony.

237 F.3d at 1248; *see Gourche v. Holder*, 663 F.3d 882, 885 (7th Cir. 2011) (parentheticals in 1101(a)(43) using "the phrase 'relating to,' [are] describing the subject matter of the cited statute" and are different from parentheticals used "explicitly to limit those offenses that may constitute an aggravated felony." (citing § 1101(a)(43)(N) as having explicit language only in, "*except* in the case of a first offense.")).

A couple years later, the Tenth Circuit discussed the holding of *Salas-Mendoza* in these terms:

> The defendant in *Salas-Mendoza* relied on the same plain-language interpretation of smuggling that Mr. Martinez-Candejas now advances and claimed that any crime that did not involve crossing an international border could not be related to alien smuggling. Id. at 1247. We rejected this argument in part on the ground that § 1324 defines the federal crime of alien smuggling to include not only bringing aliens over the border but also illegally transporting, harboring, and concealing them within the United States:  . . . . Thus, this Court has concluded that the statutory definition of alien smuggling includes transporting and harboring illegal aliens for purposes of § 1101(a)(43)(N).

*United States v. Martinez-Candejas*, 347 F.3d 853, 857 (10th Cir. 2003). Thus, the Tenth Circuit has followed these interpretations in an immigration case holding that concealing and harboring illegal aliens in violation of § 1324(a)(1)(A)(iii) is a conviction that "clearly qualifies as an 'aggravated felony'" under § 1101(a)(43)(N). *Zhen v. Gonzales*, 175 Fed. Appx. 222, 224, 2006 WL 895505 at *2 (10th Cir. Apr. 6, 2006). The Tenth Circuit is not alone in its interpretation of § 1101(a)(43)(N). *See Patel v. Ashcroft*, 294 F.3d 465, 469-473 (3rd Cir. 2002) ("'relating to alien smuggling' . . . is descriptive and not restrictive." This reading "is consistent with that of every appellate court that has considered this issue." (citing *See Gavilan-Cuate v. Yetter,* 276 F.3d 418 (8th Cir. 2002; *Castro-Espinosa v. Ashcroft*, 257 F.3d 1130 (9th Cir. 2001); *United States v. Galindo-Gallegos*, 244 F.3d 728 (9th Cir. 2001); *United States v. Salas-Mendoza*, 237 F.3d 1246 (10th Cir. 2001); *Ruiz-Romero v. Reno*, 205 F.3d 837 (5th Cir. 2000); *United States v. Monjaras-Castanedak*, 190 F.3d 326 (5th Cir. 1999), *cert. denied*, 528 U.S. 1194 (2000)); *see Guo Xing Song v. U.S. Atty. Gen.*, 516 Fed. Appx. 894, 896-97, 2013 WL 1668218 (11th Cir. 2013)(unpub.).

In his petition for de novo judicial review, Singh admits his § 1324(a)(1)(A)(iii) conviction in 2009 for concealing and harboring aliens. Because the Tenth Circuit precedent binding on this court as well as the compelling federal circuit precedent, the court concludes as a matter of law that Singh's conviction is an aggravated felony under § 1101(a)(43)(N) and

that this aggravated felony conviction precludes a finding of good moral character. 8 U.S.C. § 1101(f)(8). For these reasons, the plaintiff's petition fails to allege a claim by which his application for naturalization could be approved, for he cannot prove the good moral character requirement of 8 U.S.C. § 1427(a). For these reasons, the court will grant the defendants' motion to dismiss.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss (Dk. 21) is granted;

IT IS FURTHER ORDERED that Singh's petition for relief is denied and orders final judgment in favor of the defendants.

Dated this 1st day of October, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge